UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL OSEGUERA,<br><br>    Petitioner,<br><br>v.<br><br>SHERIFF CHRISTINA CORPUS,<br><br>    Respondent. | Case No. 24-cv-02000-AMO (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 8 |

Petitioner Daniel Oseguera, a state prisoner currently in custody at the Maguire Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself. Dkt. 1. Thereafter, the Court issued an order to show cause. Dkt. 7.

Before the Court is Respondent's motion to dismiss the instant petition on the grounds that state proceedings are ongoing and the Court must abstain from entertaining Oseguera's federal petition. Dkt. 8. Even though Oseguera was given the opportunity to do so, he has not filed an opposition to the motion.

Having considered all of the papers filed by the parties, as well as relevant legal authority, the Court **GRANTS** Respondent's motion to dismiss the petition.

**BACKGROUND**

A San Mateo County jury convicted Oseguera of four counts of home invasion robbery, two counts of burglary, and one count each of being a felon in possession of a firearm, unlawfully possessing ammunition, and possessing cocaine for sale, and found various enhancement allegations true. Resp't Ex. 1 (App. A attached thereto at 7-8). Following a bifurcated bench trial, the trial court found true allegations that Oseguera committed some of his offenses while on parole, and had a prior serious felony conviction and a prior strike conviction. *Id.* at 8. The trial court sentenced Oseguera to fifty years and four months to life in state prison. *Id.*

1  On February 24, 2023, the California Court of Appeal vacated several gang allegations and remanded for retrial on the allegations; ordered the trial court to strike a ten-year firearm enhancement, recalculate Oseguera's custody credits, and correct errors appearing on the abstract of judgment and related minute orders; and affirmed the judgment in all other respects. Resp't Ex. 1 (App. A attached thereto at 2, 10-11, 15).

On May 3, 2023, the California Supreme Court denied review. Resp't Exs. 1, 2.

On May 4, 2024, Oseguera filed the instant federal habeas petition. Dkt. 1. On October 2, 2024, this Court issued an Order to Show Cause. Dkt. 7.

On October 9, 2024, Respondent's counsel, Deputy Attorney General Michele J. Swanson, conferred with Deputy District Attorney ("DDA") Brian Donnellan of the San Mateo County District Attorney's Office. *See* Swanson Decl. ¶ 2. DDA Donnellan handled Oseguera's original trial and will be handling the retrial of the gang allegations on remand. *Id.* DDA Donnellan informed counsel that Oseguera has brought a motion in the trial court pursuant to California's Racial Justice Act ("RJA"), and that the trial court has ordered extensive discovery in connection with the motion. *Id.* Due to the pending RJA petition, DDA Donnellan is of the opinion that the retrial of the gang allegations will not take place anytime soon. *Id.*

## DISCUSSION

This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Application of Floyd*, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of comity and federalism require that a federal district court abstain and not entertain a pretrial habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). All three elements must be present. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (finding abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed). A fourth requirement, articulated by the Ninth Circuit, is that the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Although abstention is the exception, not the rule, *see World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987), *Younger* and its companion cases generally require a federal district court to abstain from granting injunctive relief when state criminal actions or certain categories of state civil or administrative proceedings are pending against the federal plaintiff at the time he or she commences the federal action. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-18 (1987).

Abstention may be inappropriate in the extraordinary circumstance that: (1) the party seeking relief in federal court does not have an adequate remedy at law and will suffer irreparable injury if denied equitable relief, *see Mockaitis v. Harcleroad*, 104 F.3d 1522, 1528 (9th Cir. 1997) (citing *Younger*, 401 U.S. at 43-44); or (2) the state tribunal is incompetent by reason of bias, *see Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973). For instance, special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. *Carden*, 626 F.2d at 84 (finding that violation of Sixth Amendment right to a speedy trial not alone an extraordinary circumstance). Here, this action meets all the requirements for *Younger* abstention to apply, as explained below. *See Middlesex*, 457 U.S. at 432.

First, to determine if a state proceeding is "ongoing" or "pending," the Court focuses not on "whether the state proceedings are still 'ongoing' but whether 'the state proceedings were

3

underway before initiation of the federal proceedings.'" *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994). Where no final judgment has been entered in state court, the state court proceeding is "plainly ongoing" for purposes of the abstention doctrine. *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). In the instant matter, the state appellate court vacated Oseguera's gang allegations on direct review and remanded to the state superior court for a retrial on those allegations, and also vacated a ten-year firearm enhancement and ordered various other corrections to Oseguera's sentence. Oseguera's criminal judgment will not be final until the conclusion of his remand proceedings and any direct review proceedings. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (finding that the limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not begin to run until both a defendant's conviction and sentence become "final," which means "by the conclusion of direct review or the expiration of the time for seeking such review"). Therefore, because Oseguera's criminal judgment was not yet final at the time he filed his federal petition, *Younger*'s first factor has been met in this case.

Second, Oseguera's remand proceedings implicate important state interests. *See Younger*, 401 U.S. at 46 (recognizing a "fundamental policy against federal interference with state criminal prosecutions"); *see Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600-02 (1975) (reviewing cases applying abstention doctrine in pending state criminal proceedings).

Third, there is an adequate opportunity for Oseguera to raise constitutional claims in his remand proceedings. The state courts have primary responsibility to protect constitutional rights under the federal habeas system. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (AEDPA "demonstrates Congress' intent to channel prisoners' claims first to the state courts"); *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (finding that "state courts are the principal forum for asserting constitutional challenges to state convictions."); *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (per curiam) ("The federal habeas scheme leaves primary responsibility with the state courts.").

*Younger*'s third factor "does not turn on whether the federal plaintiff actually avails

himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) (citing *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (explaining an opportunity is all that is necessary, and the plaintiff's failure to avail himself of that opportunity does not mean the state process was inadequate)). Thus, it does not matter to the *Younger* analysis whether the specific federal claims Oseguera wishes to present on federal habeas are part of the pending state proceeding or whether he will in fact raise constitutional claims in his remand proceedings. *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("Apparent finality of one issue is not enough" to avoid dismissal under *Younger* where the judgment itself is not final); *see also Middlesex*, 457 U.S. at 432 ("[A] federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'") (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)); *Communications Telesystems Int'l v. California. Public Utility Comm.*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("The 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings.").

Fourth, the requested relief in this case has the practical effect of enjoining the state proceeding. In the instant petition, Oseguera seeks to overturn his state judgment. Because his state judgment is not yet final and is currently on remand in the trial court, the requested relief in this case would necessarily interfere with that proceeding.

In short, all four Younger factors are met in this case, and dismissal is therefore mandatory. *See Middlesex*, 457 U.S. at 432; *Dubinka*, 23 F.3d at 223; *SJSVCCPAC*, 546 F.3d at 1092. Accordingly, the action is **DISMISSED** without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss the petition. Dkt. 8.

Further, a certificate of appealability is **DENIED**. Oseguera has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Oseguera may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

1  The Clerk of the Court shall terminate all pending motions and close the file.

2  This Order terminates Docket No. 8.

3  **IT IS SO ORDERED.**

4  Dated: July 23, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**